LÓPEZ, PETITIONER, v. CUEVAS ZEQUEIRA, DISTRICT JUDGE, RESPONDENT.

APPLICATION for a Writ of *Certiorari* to the Judge of the District Court of Humacao in a Case of Tutorship.

No. 142.—Decided July 20, 1915.

TUTORSHIP—ACCOUNTS—DISCRETION OF COURT.—In matters of rendition and revision of tutorship accounts district courts have some discretion, but the better practice is to give to the tutor an opportunity to be heard before entering any order which may give rise to unreasonable inconveniences.

ID.—BOND—ACCOUNTS—CHECKS COUNTERSIGNED BY JUDGE.—When the tutor is under a substantial and sufficient bond any order that all checks issued in payment of accounts shall be countersigned by the judge is unnecessary.

ID.—MONTHLY STATEMENT.—An order for the monthly presentation in court of all checks drawn against the funds of a tutorship should be addressed to the tutor and not to the bank in which the funds are deposited.

The facts are stated in the opinion.

*Messrs. Víctor Burset* and *Arturo Aponte, Jr.,* for the petitioner.

*Mr. Salvador Mestre, fiscal,* for the respondent.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On April 21st the District Court of Humacao made the following order:

"WHEREAS in the month of October, 1914, Josefa López de Bustelo, as tutrix of the minor Palmira López Guzmán, filed in the office of the secretary of this court the account of the tutorship of the said minor covering the period from July 13, 1913, to July 12, 1914, without having sworn to the said account and the same shows that the income during that period amounted to $48,047.72 and the expenditures to $47,998.66, leaving a net balance of only $49.06.

"WHEREAS the said account contains lump sum items of amounts charged for a whole year and the presentation of said accounts annually renders it very difficult for the court to audit them and is prejudicial to the said minor.

"Whereas the interests of the said minor demand that the tutrix render verified accounts monthly.

"Therefore it is hereby ordered by the court that not later than May 1, 1915, the tutrix, Josefa López de Bustelo, present a sworn account of said tutorship covering the period from July 12, 1914, to April 1, 1915, and that from and including the latter date she render to this court *monthly* the accounts of the said tutorship duly sworn to by her, which monthly accounts must be filed in the office of the secretary of this court within the fixed period of ten days after the last day of the month to which the account corresponds, and the said tutrix is cautioned that this order must be obeyed in every respect, without any excuse or pretext.

"The marshal of this court must serve a copy of this order immediately upon the said tutrix personally.

"Humacao, P. R., April 21, 1915.    (Signed) R. Cuevas Zequeira, District Judge."

This was followed two days later by another order in terms as follows:

"Whereas in the month of October of 1914 Josefa López de Bustelo, as tutrix of the minor Palmira López Guzmán, filed in the office of the secretary of this court the account of the tutorship of the said minor covering the period from July 13, 1913, to July 12, 1914, and the same shows that the income during that period amounted to $48,047.72 and the expenditures to $47,998.66, leaving a net balance of only $49.06.

"Whereas it is impossible to ascertain from the said account whether the expenses of the said tutorship were paid in cash or by means of checks or where the money of the said tutorship, amounting to $48,047.72 during the said period, is kept.

'Whereas the interests of the said minor and the auditing of accounts of the said tutorship require that the payments be made only by means of checks drawn by the tutrix and that the money be deposited in a banking institution designated by this court.

"Therefore it is hereby ordered by the court that from this date the tutrix, Josefa López de Bustelo, deposit all the money which she may receive on account of the said tutorship in the Humacao branch of 'El Banco Comercial de Puerto Rico,' that the account in the said bank be opened in the name of the minor Palmira López Guzmán and that all checks drawn against the said account must be signed by the tutrix, Josefa López de Bustelo, and countersigned

and authorized by the judge of this court, such checks to be drawn separately and independently for each distinct item of expense necessary to .be paid and it being positively prohibited that any payment be made in cash. The said bank must present monthly statements of the said account to this court, accompanied by the canceled checks drawn by the tutrix and countersigned by the judge of this court.

"The marshal of this court must serve a copy of this order immediately upon the said tutrix personally and she is cautioned that this order must be obeyed in every respect, without any excuse or pretext. (Signed) R. Cuevas Zequeira, District Judge."

In a petition for *certiorari.*presented by the tutrix, Josefa López de Bustelo, both of the foregoing orders are submitted to our consideration.

The writ having issued, the district court sent up the record and, in a seven-page writing designated as an answer to the petition, sets forth and alleges various additional facts and reasons for the two orders complained of. Petitioner in a lengthy brief, makes a bitter attack upon the court below and endeavors to show that the judge is mistaken both as to the facts and the law. The judge, in a reply brief, undertakes to sustain his position.

We think the district courts have some discretion in matters of this kind; 5 Scaevola, 67, 68, 234; 1 Falcón, 366; 2 Manresa, 374; *Gaillard* v. *Foster,* 15 La. Ann., 121; but we also think it would have been better practice for the judge to have given petitioner some opportunity to be heard before issuing either of the orders in question. Upon the other hand, had petitioner, in a proper and respectful manner, made a statement of facts and such full explanation of the whole situation in the district court as she has submitted to this tribunal in this proceeding, she might readily have obtained, and no doubt, upon proper application, may yet obtain, such relief as may be necessary from any undue hardship resulting from either of such orders. Should the district judge show a disposition to abuse his discretion after all the facts are properly presented to his consideration, such abuse may

be readily and promptly corrected; but we do not deem it necessary, in the circumstances surrounding this unseemly controversy at its present stage, to discuss these matters in detail.

In view of the fact that petitioner is under a substantial bond, we regard the specification that all checks be countersigned by the district judge as unreasonable and unnecessary. Should the requirement as to monthly accounting appear undesirable as operating to the serious inconvenience of petitioner, it may be modified by the court below upon proper showing in this regard.

The provision for separate checks to cover each and every disbursement and the prohibition against any payment in cash cannot be sustained in the absolute terms in which they are couched. Both, of course, would, in actual practice, receive a reasonable interpretation, and a common-sense application of the rule would be made so that the extreme situations pictured by petitioner could never arise; but we think that in order to remove all doubt they should be so modified by the district judge as to direct that the usual method of payment shall be by check, permitting the payment in cash of such sums as custom and necessity require to be so paid, as, for example, in the case of day laborers and minor employees on the plantations. The district judge, after a careful investigation of the facts, might order that the payment of all sums in excess of a specified amount should be made by check.

The clause as to monthly presentation in court by the bank of all checks paid should be substituted by a direction that the tutrix present such checks with the corresponding stubs, pass-book and bank list of checks returned, after balancing of accounts, at such reasonable and regular intervals as may be fixed by the court, or such other similar provision as the court may deem necessary, addressed to the tutrix and not to the bank. The general tone of both orders reveals what is perhaps a certain excess of zeal upon the part of the district judge and by reason of this circumstance we are con-

strained to abstain from such criticism as the terms in which petitioner's brief is couched otherwise might have provoked.

The proceedings complained of must be affirmed except as to the particulars hereinabove expressly disapproved and the case remanded for further action not inconsistent herewith.

*Modified and affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.